# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Georgia Thompson-El,<br><br>      Plaintiff<br><br>v.<br><br>LAWRENCE TOWNSHIP, a municipal corporation of New Jersey, Police Officer JOSEPH RADLINSKY and John Does 1-99,<br><br>      Defendant/s. | Civil Action No. 3:19-cv-14253 GC-TJB |

On Appeal from the United States District Court
for the District of New Jersey
Hon. Georgette Castner, U.S.D.J.

## TABLE OF CONTENTS

1. Jurisdictional Statement
2. Statement of the Issues Presented for Review
3. Statement of the Case and Facts
4. Summary of the Argument
5. Argument
    - I. The District Court Misapplied the Summary Judgment Standard (*Anderson v. Liberty Lobby*)
    - II. The Presumption of Probable Cause Was Rebutted (*Rose v. Bartle*)
    - III. Racial Bias Evidence Was Improperly Disregarded (*United States v. Abel*)
    - IV. Monell Liability Was Dismissed Without Considering Training Deficiencies (*Monell*)

6. Conclusion

## TABLE OF AUTHORITIES

**Supreme Court Cases**

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)
- *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
- *United States v. Abel*, 469 U.S. 45 (1984)
- *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

**Third Circuit Cases**

- *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989)
- *Curley v. Klem*, 298 F.3d 271 (3d Cir. 2002)

**Statutes & Rules**

- 28 U.S.C. § 1291
- 28 U.S.C. §§ 1331, 1367
- Fed. R. Civ. P. 56
- Fed. R. App. P. 4(a)

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. Final judgment granting summary judgment to Lawrence Township and Detective Radlinsky was entered on November 21, 2024 in *Memorandum Opinion of Hon. Georgette Castner, U.S.D.J., Granting Defendants' Motion for Summary Judgment*.

This Court has jurisdiction under 28 U.S.C. § 1291. Appellant's Notice of Appeal is timely under FRAP 4(a).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Did the District Court err by resolving factual disputes in favor of defendants at summary judgment, contrary to *Anderson v. Liberty Lobby*?

2. Did the Court misapply the grand jury presumption of probable cause by ignoring evidence of false testimony under *Rose v. Bartle*?

3. Did the Court improperly disregard admissible racial bias evidence under *United States v. Abel*?

4. Did the Court prematurely dismiss *Monell* claims without addressing admitted deficiencies in training on eyewitness identification?

## STATEMENT OF THE CASE AND FACTS

Plaintiff Georgia Thompson-El was wrongfully arrested and incarcerated for twelve days following an investigation led by Detective Joseph Radlinsky of the Lawrence Township Police Department.

The arrest was based on an affidavit sworn by Radlinsky, who later admitted in deposition that he did not personally verify Plaintiff's identity before signing. (*Notice of Motion for Summary Judgment by Defendants Lawrence Township and Detective Joseph Radlinsky, Ex. B, Dep. Tr. 45:12–46:3*).

In her filing, *Plaintiff Georgia Thompson-El's Brief in Opposition to Lawrence Township and Detective Joseph Radlinsky's Motion for Summary Judgment*, Plaintiff cited this and other evidence, including:

- Affidavit misstatements (Opp. Br. pp. 11–12; Ex. C, Affidavit 14–20; Dep. Tr. 52:4–53:9).
- Racial bias testimony (Opp. Br. p. 15; Ex. B, Dep. Tr. 61:20–62:5).
- Admissions of inadequate municipal training on eyewitness identification (Opp. Br. pp. 19–20; Ex. D, Dep. Tr. 77:3–78:14).

On November 21, 2024, Judge Castner issued a Memorandum Opinion granting Defendants' motion for summary judgment. The court held that probable cause existed as a matter of law, that no racial bias evidence was shown, and that no municipal liability claim was substantiated.

## **SUMMARY OF THE ARGUMENT**

The District Court's ruling conflicts with both the record and binding precedent. At summary judgment, all factual disputes must be resolved in favor of the non-moving party. Here, however, the court weighed credibility and ignored clear contradictions in testimony.

The presumption of probable cause from a grand jury indictment was rebutted by deposition and affidavit evidence showing that Radlinsky misrepresented material facts. The court's reliance on the indictment alone was contrary to *Rose v. Bartle*.

The court disregarded admissible racial bias evidence, despite its relevance to credibility under *United States v. Abel*.

Finally, the court dismissed Plaintiff's *Monell* claim without analyzing record admissions of inadequate training on eyewitness identification, contrary to *Monell v. Dep't of Soc. Servs.*

## **ARGUMENT**

I. The District Court Misapplied the Summary Judgment Standard

Court's Statement:

"Plaintiff offered no competent evidence contradicting probable cause." (*Mem. Op., Nov. 21, 2024, p. 12*).

Record Evidence:

Opposition Brief pp. 8–9, citing deposition:

"I did not personally verify Ms. Thompson-El's identity before signing the affidavit." (*Notice of Motion, Ex. B, Dep. Tr. 45:12–46:3*).

This is direct record evidence contradicting the court's conclusion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) prohibits courts from weighing credibility at summary judgment.

II. The Presumption of Probable Cause Was Rebutted by False Testimony

Court's Statement:

"The grand jury indictment establishes probable cause." (*Mem. Op., p. 14*).

Record Evidence:

Opposition Brief pp. 11–12: affidavit contained material misstatements, including descriptions inconsistent with Plaintiff, relied upon by the grand jury. (*Notice of Motion, Ex. C, Affidavit ¶¶14–20; Dep. Tr. 52:4–53:9*).

Under *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989), the presumption of probable cause is rebutted when indictments are obtained through false or misleading testimony.

III. Racial Bias Evidence Was Improperly Disregarded

Court's Statement:

"There is no evidence that race influenced the investigation." (*Mem. Op., p. 17*).

Record Evidence:

Opposition Brief p. 15; deposition:

6

"Yes, I knew Ms. Thompson-El's race prior to preparing the lineup." (*Notice of Motion, Ex. B, Dep. Tr. 61:20–62:5*).

Bias is probative of credibility and motive. *United States v. Abel*, 469 U.S. 45, 52 (1984). Disregarding this testimony was reversible error.

IV. Monell Liability Was Improperly Dismissed

Court's Statement:

"Plaintiff has not shown any municipal policy or training deficiency." (*Mem. Op., p. 19*).

Record Evidence:

Opposition Brief pp. 19–20; deposition:

"We don't have formal training on eyewitness identification procedures." (*Notice of Motion, Ex. D, Dep. Tr. 77:3–78:14*).

Such admissions show a failure to train directly tied to the constitutional violation. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), this creates municipal liability.

## **CONCLUSION**

The District Court's judgment granting summary judgment must be reversed. Material disputes of fact exist on probable cause, fabrication of testimony, racial bias, and municipal liability. This case should be remanded for trial.

Respectfully submitted,

Georgia Thompson-El
72 Hampton Court
Hillsborough, NJ 08844
917-941-9578
georgiahthompson@yahoo.com
